NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MITSUI FOODS, INC., | : |
| Plaintiff, | : Civil Action No. 19-14478 (SRC) |
| v. | : OPINION |
| SYNERGIE CANADA, INC., | : |
| Defendant. | : |

**CHESLER**, District Judge

    This matter comes before the Court upon the filing by Defendant, Synergie Canada, Inc., on a motion to dismiss a single count of the Complaint. The motion has been fully briefed, and the Court has reviewed the papers filed by the parties. It proceeds to rule on the motion without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will grant Defendant's motion to dismiss Count Five of the Complaint.

    **I.    BACKGROUND**

    This is a civil action wherein Plaintiff, Mitsui Foods, Inc., seeks judgment against Defendant for breach of contract and other related claims. The parties entered into a contract for the "door-to-door" delivery of Plaintiff's orange juice product. Defendant agreed to transport loads of the product from Plaintiff's supplier in Mexico to several of Plaintiff's clients in Florida. The Complaint alleges that Defendant's failure to properly transport the product resulted in the spoilage of the goods.

1

Plaintiff filed the subject Complaint on June 28, 2019. Plaintiffs plead the following claims: breach of contract; negligence; damages under the Carriage of Goods by Sea Act; damages under the Carmack Amendment; and fraud in the inducement. Defendant only seeks the dismissal of Count Five, fraud in the inducement, in the subject motion to dismiss.

The factual summary below is based on the allegations within the Complaint. The facts are taken as true for purposes of the motion to dismiss only.

On or around May 17, 2017, Synergie offered to provide Mitsui Foods with delivery services for the transportation of their orange juice from a supplier in Mexico to clients in Florida. On July 27, 2017, a mutual non-disclosure agreement was executed by both parties to begin negotiation of the contract. Between July 2017 and September 2017, Synergie and Mitsui Foods engaged in negotiations wherein they discussed the terms and conditions of the transportation of goods from Mexico to Florida.

On September 22, 2017, Synergie submitted a quotation for its services and sent a promotional brochure to Mitsui Foods. The Complaint alleges that prior to providing any of its services, "Synergie made several material representations to [Mitsui Foods] regarding the capabilities to manage and transport the Loads." (Compl. ¶ 12.) The Complaint references the Synergie brochure which states that the company provides "logistics services and manages the entirety of your supply chain worldwide" and "offers door-to-door solutions for an effective and secure transport solution for your bulk liquid merchandise." (Compl. ¶ 12.) Among other things, Synergie "held itself out as providing expertise in the transport of refrigerated bulk liquid cargo utilizing its 'Big Red Liquiride ™' technology." (Compl. ¶ 15.)

In December 2017, Mitsui Foods contracted with Synergie for use of its transportation services. Under its agreement with Mitsui Foods, Synergie was to: "(1) arrange for, manage,

implement and ensure proper and timely 'door-to-door' refrigerated transport of the Loads; (2) customs clearances; and (3) complete delivery within 20 days of loading at the supplier's facility." (Compl. ¶ 17.) In January 2018, Synergie began transporting the Loads from Mexico to several locations in Florida. The Complaint alleges that when Synergie began transporting the Loads, several issues were reported regarding the services that were provided. These issues, which included Synergie's "failure to timely transport and adequately refrigerate MFI's Loads" as agreed upon, resulted in the rejection of 6.66 Loads by Plaintiff's client at delivery due to fermentation. (Compl. ¶ 24.) Additionally, six (6) Loads were left at a port in Mexico for more than twenty (20) days. These Loads were not shipped due to the anticipated rejection of the product. Plaintiff estimates that the spoliation of the goods resulted in damages "in an amount exceeding $389,881.91." (Compl. ¶ 24.)

On November 25, 2019, Defendant filed the instant motion to dismiss Count Five of the Complaint under Rule 12(b)(6). Defendant argues that Count Five for fraud in the inducement is not supported by the factual allegations pled in the Complaint. Defendant argues that Count Five must be dismissed because the Complaint "fails to adequately plead a claim upon which relief can be granted." (Def. Brief 2.) Additionally, Defendant argues that the claim should be dismissed because it is barred under the economic loss doctrine.

## II.  LEGAL STANDARD

The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To make that determination, the Court must employ the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v.

3

Twombly and Ashcroft v. Iqbal. A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing to meet the pleading standard of Federal Rule of Civil Procedure 8(a), allegations that give rise to the mere possibility of unlawful conduct will not do. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557.

### III. DISCUSSION

To plead a claim for fraudulent inducement, Plaintiff must establish five elements: "(1) a material representation of a presently existing or past fact; (2) made with knowledge of its falsity; and (3) with the intention that the other party rely thereon; (4) resulting in reliance by that party; (5) to his detriment." RNC Systems, Inc. v. Modern Technology Group, Inc., 861 F.Supp.2d 436, 451 (D.N.J. 2012) (other citations omitted). Notably, Plaintiff must show that the material representation of which it relied upon was made, by Defendant, "with knowledge of its falsity." Id. When pleading an allegation of fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." However, the rule permits that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Although Rule 9(b) excuses parties from pleading "conditions of a person's mind" under the heightened pleading standard required for fraud claims, "[i]t does not give him license to

4

evade the less rigid—though still operative—strictures of Rule 8." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 686-87 (2009). Here, the Complaint fails to meet the more general pleading requirements imposed by Rule 8 and articulated by the Supreme Court in <u>Iqbal</u> and <u>Twombly</u>. With respect to Count Five, the Complaint merely states that Synergie made several representations to Mitsui Foods that it was capable of providing reliable transportation services to the company and that these "misrepresentations" were made with the intention that Plaintiff would rely on them when entering into the contract. (Compl. Par. 50.)

The Complaint includes the following general statements regarding Defendant's purported knowledge of its inability to perform: "Synergie knew these representations to be false because Synergie knew that it was apparently unable to fully ensure the effective and safe transport of the Loads and thus could not manage the entirety of MFI's supply chain worldwide." (Compl. ¶ 49.) This statement merely repeats the knowledge element that is required under the cause of action. It is devoid of any facts that establish that the Defendant knew or should have known that it was incapable of providing the services when these statements were made. The facts of the Complaint merely establish that Defendant did not perform as promised but fails to establish that Defendant was unable to perform these services or that it knew of such an inability to perform when the agreement was made. Because of this, the Complaint fails to state a claim for Count Five, fraud in the inducement.

In light of the foregoing, the Court need not and will not address the issue of dismissal based on the economic loss doctrine.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss Count Five of the Complaint. An appropriate Order will be filed.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

Dated: January 28, 2020